UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | No. 6:16-CR-20-GFVT-HAI-2 |
| | ) | |
| v. | ) | RECOMMENDED DISPOSITION |
| | ) | |
| RETTIE D. MORRIS, | ) | |
| | ) | |
| Defendant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

On referral from District Judge Van Tatenhove (D.E. 90 at 2), the Court considers reported violations of supervised release conditions by Defendant Rettie Morris. Judge Van Tatenhove entered a judgment against Defendant on June 1, 2017, upon a plea of guilty to selling a firearm to a convicted felon in violation of 18 U.S.C. § 922(d). D.E. 61 at 1. Defendant received a sentence of nine months of imprisonment followed by three years of supervision. *Id*. at 2-3.

Defendant began her three-year term of supervision on September 22, 2017. In June 2018, Defendant's supervised release was revoked due to her use and possession of a controlled substance (methamphetamine). *See* D.E. 79. At that time, Defendant was sentenced to six months of imprisonment to be followed by a thirty-month term of supervision. *Id*. at 2-3. Defendant began service of her thirty-month term of supervision on September 18, 2019.

**I.**

On July 22, 2020, the United States Probation Office ("USPO") issued a Supervised Release Violation Report ("the Report"). The Report alleges that Defendant reported to the USPO on July 22, 2020, and stated that she could not submit to a urine test. During questioning by the

USPO, Defendant admitted to having used marijuana, Percocet, and methamphetamine. Defendant signed a written admission form and admitted to such use.

The Report charges two violations stemming from this conduct. As Violation #1, the Report charges that Defendant violated Mandatory Condition #3, which required her to "refrain from any unlawful use of a controlled substance." This is a Grade C violation. As Violation #2, the Report charges that Defendant violated Mandatory Conditions #1 and #2, which required her to "not commit another federal, state, or local crime" and to "not unlawfully possess a controlled substance." Based on her criminal history, which includes a prior drug conviction, the possession of methamphetamine is charged as a violation of 21 U.S.C. § 844(a), Possession of a Controlled Substance, and a Class E felony. This is a Grade B violation.

Magistrate Judge Atkins conducted an initial appearance, by videoconference, pursuant to Rule 32.1 on July 31, 2020. D.E. 93.[1] The Court set a final hearing following a knowing, voluntary, and intelligent waiver of the right to a preliminary hearing. *Id*. At the initial appearance, the United States made an oral motion for interim detention and Defendant did not argue for release. The Court found that detention was required under § 3143(a) and remanded Defendant to the custody of the United States Marshal. *Id*.

The final hearing was conducted in London, Kentucky on August 21, 2020, and Defendant was afforded all rights due under Rule 32.1 and 18 U.S.C. § 3583. D.E. 97. Defendant waived a formal hearing and stipulated to the violations set forth in the Report. *Id*. The Court found the Defendant to be competent to stipulate to the violations and that the stipulation was knowingly, voluntarily, and intelligently made. The Court also found the stipulation to be consistent with the

---

[1] Pursuant to General Orders 20-05, 20-07, and 20-14, Defendant consented to her initial appearance being conducted by videoconference in light of the COVID-19 pandemic and social distancing guidelines.

advice of Defendant's counsel. *Id*. Of course, the Court must find "by a preponderance of the evidence that the defendant violated a condition of supervised release." 18 U.S.C. § 3583(e)(3); *see also United States v. Cofield*, 233 F.3d 405, 406 (6th Cir. 2000) ("In order to revoke supervised release, the sentencing court must find by a preponderance of the evidence that a defendant has violated a condition of his supervised release."). Defendant's stipulation permits the Court to find that she engaged in conduct that is a Grade B violation under the Guidelines. *See* U.S.S.G. § 7B1.1(a)(2).

The parties agreed to a sentence of time-served followed by a twelve-month term of supervision with the first three months following incarceration to be served on home detention. As to the Defendant's history and characteristics, the government noted that she has been an example of success while on supervision and, prior to her violations, had received exemplary reviews from her supervising officers. However, the government argued that Defendant cannot resort to drug use when difficult life circumstances occur without consequences. The government noted that this was a situational violation in which Defendant used drugs to deal with emotional pain with no malicious intent or overt disrespect to the Court. Furthermore, Defendant was honest and forthcoming about her violations.

Regarding the need for treatment, the government argued that Defendant has already completed treatment and has all the tools the government can provide. Moreover, the Defendant has shown that she knows how to use these tools successfully, despite the current violations. As to the need to protect the public and deter criminal activity, the government stated that Defendant is neither violent nor a risk to turn to drug trafficking. Rather, the government noted Defendant's addiction stems from the need to numb her emotional pain from familial losses. However, the government acknowledged Defendant poses a risk of driving while under the influence, as

evidenced by her criminal history. Although Defendant's 2018 violation occurred in her home, the government argued the house itself is not a concern, but rather, the area in which Defendant lives poses a significant risk due to the rampant drug use. In light of all of these factors, the government concluded that the best punitive measure for Defendant is a sentence of time-served followed by a twelve-month term of supervision with the first three months following incarceration to be served on home detention.

Defense counsel joined in the government's recommendation and added that Defendant is capable of being successful on supervision and has accepted responsibility. Moreover, defense counsel stated that Defendant has always indicated that she is trying to defeat her addiction and that this was an isolated incident. Defense counsel also noted that Defendant has jobs that she can return to while serving on home detention and supervision.

Defendant addressed the Court directly and explained that she was prescribed medication for her anxiety and depression. Defendant stated that the medication numbed the pain she felt from the loss of several family members, but she came to think that she was well enough to stop taking the medication. Defendant explained that her anxiety and depression worsened without the medication, which led to her violations. However, Defendant stated that this was not an excuse and apologized to the Court.

## II.

The Court has evaluated the entire record, including the Report and its accompanying documents, and Defendant's underlying judgment and sentencing materials. Additionally, the Court has considered all of the 18 U.S.C. § 3553 factors imported into the § 3583(e) analysis.

Under § 3583(e)(3), a defendant's maximum penalty for a supervised release violation hinges on the gravity of the underlying offense of conviction. Defendant pled guilty to selling a

4

firearm to a convicted felon in violation of 18 U.S.C. 922(d)(1), a class C felony. *See* 18 U.S.C. §§ 922(d)(1), 924(a)(2), 3559(a)(3). For a class C felony, the maximum revocation sentence provided under § 3583 is twenty-four months of imprisonment. 18 U.S.C. § 3583(e)(3). The Policy Statements in Chapter Seven of the Sentencing Guidelines provide advisory imprisonment ranges for revocation premised on criminal history (at the time of original sentencing) and the "grade" of the particular violation proven. *See United States v. Perez-Arellano*, 212 F. App'x 436, 438–39 (6th Cir. 2007) ("Although the policy statements found in Chapter Seven of the United States Sentencing Guidelines recommend ranges of imprisonment, such statements 'are merely advisory' and need only be considered by the district court before sentence is imposed.") (internal citation omitted). The Guidelines also instruct that, "[w]here there is more than one violation of the conditions of supervision, or the violation includes conduct that constitutes more than one offense, the grade of the violation is determined by the violation having the most serious grade." U.S.S.G. § 7B1.1(b).

Under section 7B1.1, Defendant's admitted conduct in Violation #1 qualifies as a Grade C violation and her admitted conduct in Violation #2 qualifies as a Grade B violation. Given Defendant's criminal history category of I (the category at the time of her original conviction) and a Grade B violation, her Range, under the Revocation Table of Chapter Seven, is four to ten months. U.S.S.G. § 7B1.4(a). The parties agreed with this calculation.

### III.

At the outset, the Court notes that Congress does ***mandate*** revocation in a case of this nature. By statute, the Court must revoke Defendant because she possessed a controlled substance. *See* 18 U.S.C. § 3583(g)(1); *see also*, *United States v. Crace*, 207 F.3d 833, 836 (6th Cir. 2000) (equating use with possession). The Sixth Circuit clearly and repeatedly has equated drug use with

drug possession, and Defendant's admitted use in this context undoubtedly results in application of 18 U.S.C. § 3583(g)(1). *See United States v. Hancox*, 49 F.3d 223, 224 (6th Cir. 1995); *see also United States v. Metcalf*, 292 F. App'x 447, 449 n.2 (6th Cir. 2008) ("Mandatory revocation was . . . warranted under § 3583(g)(1), as we have held that use of a controlled substance constitutes possession under that subsection.").

To determine an appropriate revocation term of imprisonment, the Court has considered all the statutory factors imported into the § 3583(e) analysis, as well as the Guidelines Range. The Court has also carefully weighed the nature and circumstances of the original offense and Defendant's particular history and characteristics. *See United States v. Johnson*, 640 F.3d 195, 203 (6th Cir. 2011) (explaining that this sentencing factor focuses upon the nature and circumstances of the original offense). The nature and circumstances of Defendant's underlying conviction involved trafficking in many different types of controlled substances. Clearly, Defendant poses a danger to the public when she uses drugs.

Her criminal history includes both aggravating and mitigating factors. As aggravating, this is Defendant's second revocation for illegal drug use. As mitigating, she has endured violent relationships and suffered several familial losses. The Court is sympathetic to her history, but the use of controlled substances as a coping mechanism is unacceptable. Further mitigating is Defendant's history of success while on supervision, despite the current violations, and her honesty and acceptance of responsibility.

Regarding the need to protect the public and deter criminal conduct, Defendant has committed felony conduct by illegally using controlled substances. Specifically, her use fosters the manufacture and distribution of those controlled substances, which poses a dangerous risk to the community. Her criminal history also indicates a need to protect the public as she has multiple

convictions for operating a motor vehicle under the influence of alcohol or drugs. The Court must also consider whether a defendant needs any education, training, or treatment. The Court has already provided Defendant with treatment, and Defendant knows how to use the tools she has been given. In fact, Defendant successfully used those tools for over two years since her last violation. Therefore, no treatment options remain as an alternative to revocation and imprisonment.

The Guidelines suggest that the ***primary*** wrong in the supervised release context is the violation of the Court's trust by an offender; the particular conduct is an important but secondary issue. *See* Guidelines 7 Pt. A(3)(b). The Court must impose a sentence that is sufficient, but not greater than necessary, to address Defendant's breach of trust and the other statutory goals imported into § 3583(e). This is Defendant's second revocation proceeding. While the current violations lacked malicious intent, they still breached the Court's trust. However, the Court recognizes these violations stemmed from an isolated incident of Defendant erroneously choosing to stop taking her prescribed medication and resorting to controlled substances to staunch her emotional pain.

For the reasons stated above, the Court finds a term of incarceration of time-served to be sufficient, but not greater than necessary, to meet the § 3553(a) factors incorporated into this analysis[2]. *See* 18 U.S.C. § 3583(e). A court may re-impose supervised release, following revocation, for a maximum period that usually subtracts any term of incarceration actually imposed due to the violation. *See* 18 U.S.C. § 3583(b) & (h). Defendant's convictions carried a maximum

---

[2] The recommended sentence is lower than the recommended minimum Guideline Range term of four months by one week, if the time to be spent on home detention is included. *See* U.S.S.G. § 7B1.3(c)(1)(B). This is a very slight downward departure that, in the Court's view, is supported by the record.

supervised release term of three years as a starting point, reduced by any revocation term of imprisonment. *See United States v. Brown*, 639 F.3d 735, 738 (6th Cir. 2011) (holding that § 3583(h) requires aggregation of any periods of incarceration imposed upon multiple revocations). This is Defendant's second revocation. If the Court imposes the recommended imprisonment term, then twenty-six months and one week of supervised release may be re-imposed. The parties recommended twelve months of supervised release, with the first three months following incarceration to be served on home detention. The Court finds twelve months is sufficient, but not greater than necessary, to protect the public and rehabilitate Defendant.

Based on the foregoing, the Court **RECOMMENDS** that

1. Defendant be found guilty of the violations;

2. Revocation and imprisonment of time-served; and

3. Twelve months of supervised release to follow, under the conditions previously imposed, except that Defendant shall be placed on home detention for a period of three (3) months, to commence upon release from confinement.

Defendant's right of allocution under Rule 32.1 is preserved, as reflected in the record. Any waiver should comport with the Court's standard waiver form, available from the Clerk. Absent waiver, the matter will be placed on District Judge Van Tatenhove's docket upon submission.

The Court directs the parties to 28 U.S.C. § 636(b)(1) for appeal rights concerning this recommendation, issued under subsection (B) of the statute. *See also* 18 U.S.C. § 3401(i). As defined by § 636(b)(1), within fourteen days after being served with a copy of this Recommended Disposition, any party may serve and file written objections to any or all portions for consideration,

de novo, by the District Court. Failure to make timely objection consistent with the statute and rule may, and normally will, result in waiver of further appeal to or review by the District Court and Court of Appeals. See Thomas v. Arn, 474 U.S. 140, 155 (1985); United States v. Walters, 638 F.2d 947, 950 (6th Cir. 1981).

    This the 27th day of August, 2020.

Signed By:
*Hanly A. Ingram*
United States Magistrate Judge