UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>V. )<br>)<br>RETTIE D. MORRIS, )<br>)<br>Defendant. )<br>) | Criminal No. 6:16-CR-20-GFVT-HAI-2<br><br>**ORDER** |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is before the Court on the Report and Recommendation filed by United States Magistrate Judge Hanly A. Ingram. [R. 98.] Defendant Rettie Morris has been charged with violations of her supervised release. On May 30, 2017, this Court sentenced Ms. Morris to nine months imprisonment followed by three years of supervised release for selling a firearm to a convicted felon in violation of 18 U.S.C. 922(d). [R. 60; R. 61.] Morris began her first term of supervision on September 22, 2017. However, she violated her supervised release in June 2018 and her supervision was revoked due to her use and possession of a controlled substance, which was methamphetamine. [R. 79.] Subsequently, this Court sentenced Morris to six months imprisonment followed by thirty months of supervision. *Id*. at 2-3. She began her second term of supervision on September 18, 2019.

On July 22, 2020, the United States Probation Office (USPO) issued a Supervised Release Violation Report (the Report) that initiated these proceedings. The Report states that on July 22, Ms. Morris reported to the USPO and stated that she could not submit to a urine test. She then admitted to using marijuana, Percocet, and methamphetamine. Due to these events,

USPO charged Defendant with two violation. Violation #1 charges Ms. Morris with violating a condition of release that required her to refrain from any unlawful use of a controlled substance. This is a Grade C violation. Violation #2 charges Ms. Morris with violating two mandatory conditions which state the defendant shall not commit another federal, state, or local crime and to not unlawfully possess a controlled substance. This is a Grade B violation.

On July 31, Ms. Morris appeared before Magistrate Judge Atkins for her initial appearance by videoconference, pursuant to Federal Rule of Criminal Procedure 32.1. [R. 93.] During the hearing, Ms. Morris made a knowing, voluntary, and intelligent waiver of her right to a preliminary hearing. *Id.* The United States made an oral motion for interim detention and Defendant did not argue for release. *Id.* Based on the heavy defense burden under 18 U.S.C. § 3143(a), Judge Atkins found that detention was required. *Id.*

On August 21, Magistrate Judge Ingram held a final revocation hearing wherein Ms. Morris waived a formal hearing and stipulated to the violations set forth in the Report. [R. 97.] Parties also presented their recommended sentences to the Court. [R 98 at 3.] The parties agreed to a sentence of time-served followed by 12 months of supervision with the first three months following incarceration to be served on home detention. *Id.* The United States noted that Ms. Morris had been successful on supervision prior to her recent violations, as she received exemplary reviews from her supervising officers. *Id.* However, the United States emphasized that Ms. Morris cannot turn to drug use when faced with difficult life circumstances, as in this situation where "Defendant used drugs to deal with emotional pain with no malicious intent or overt disrespect to the Court." *Id.*

In regard to Ms. Morris' need for treatment, the United States argued that she has already completed treatment and has utilized all the resources the government can provide. *Id.* Despite

the recent violations, Defendant has shown the Court that she knows and can use these tools successfully. *Id*. The government also pointed out that Ms. Morris is not violent and is not at risk to turning to drug trafficking; however, she does pose a risk of driving while under the influence based on her criminal history. *Id*. In addition, the United States indicated that the house where Defendant currently lives is not a concern, but the area in which Defendant lives poses a risk due to the abundant drug use. *Id*. at 4.

Defense counsel agreed with the recommendation and emphasized that Ms. Morris "is capable of being successful and has accepted responsibility." *Id*. In addition, Ms. Morris is still trying to defeat her addiction, as this was an isolated occurrence. *Id*. Ms. Morris also has jobs that she can return to while serving on home detention and supervision. *Id*. Afterwards, Defendant addressed the Court herself and explained her recent life circumstances of dealing with anxiety and depression, which led to her violations. *Id*.

Subsequently, Judge Ingram prepared a Report and Recommendation, which evaluated the relevant 18 U.S.C. § 3553 factors. With Ms. Morris' criminal history category of I and a Grade B violation, Judge Ingram calculated her Guideline Range to be 4 to 10 months. *Id*. at 5. Judge Ingram emphasized the seriousness of Ms. Morris' underlying offense and the nature and circumstances surrounding her conviction, pointing to Defendant's charges of trafficking controlled substances. *Id*. at 6. Judge Ingram also considered the history and characteristics of Defendant and the need to deter criminal conduct and protect the public. *Id*. Defendant has now had two violations of supervised release and has already been revoked once. *Id*. As a mitigating factor, Judge Ingram took into account Defendant's history of violent relationships and familial loss but using drugs as a coping mechanism is still unacceptable. *Id*. "Further mitigating is Ms. Morris' history of success while on supervision, despite the current violations, and her honesty

and acceptance of responsibility." *Id*.

Finally, Judge Ingram correctly noted the need to protect the public and deter criminal conduct since Defendant has committed a felony by using controlled substances. *Id*. Using such illegal substances promotes the manufacturing and distribution of such controlled substances, posing a dangerous risk to the community and others. *Id*. Also, Defendant's criminal history indicates a need to protect the public as she has been convicted multiple time of operating a motor vehicle under the influence of alcohol or drugs. *Id*. at 7. In regard to treatment, Defendant has already utilized the government's resources and shown that she can successfully use those tools if under the right mindset. *Id*. Therefore, Judge Ingram found that no treatment options are available as an alternative to revocation and imprisonment. *Id*.

Judge Ingram ultimately recommends the Court revoke Defendant's supervised release and impose a Guideline sentence followed by additional supervision. *Id*. He finds this sentence to be appropriate because "the Court recognizes these violations stemmed from an isolated incident of Defendant erroneously choosing to stop taking her prescribed medication and resorting to controlled substances to staunch her emotional pain." *Id*. Citing these concerns, Judge Ingram recommends revocation of Morris' supervised release with a sentence of imprisonment of time-served, followed by 12 months of supervised release. *Id*. The Court agrees with this recommendation, and echoes Judge Ingram's concern about deterring future criminal conduct and protecting the public from further crimes Ms. Morris might be inclined to commit.

Pursuant to Rule 59(b) of the Federal Rules of Criminal Procedure, the Report and Recommendation advises the parties that objections must be filed within fourteen (14) days of service. *Id.* at 16; *see* 28 U.S.C. § 636(b)(1). Ms. Morris has not filed any objections to Judge

Ingram's Report and Recommendation and has filed a waiver of allocution. [R. 100.]

Generally, this Court must make a *de novo* determination of those portions of the Report and Recommendation to which objections are made. 28 U.S.C. § 636(b)(1)(c). But when no objections are made, as in this case, the Court is not required to "review… a magistrate's factual or legal conclusions, under a de novo or any other standard." *See Thomas v. Arn,* 474 U.S. 140, 151 (1985). Parties who fail to object to a magistrate judge's report and recommendation are also barred from appealing to a district court's order adopting that report and recommendation. *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981). Nevertheless, the Court has examined the record and agrees with Judge Ingram's recommended disposition.

Accordingly, it is hereby **ORDERED** as follows:

1. The Report and Recommendation **[R. 98]** as to Defendant Rettie Morris is **ADOPTED** as and for the Opinion of the Court;

2. Defendant Morris is found **GUILTY** of the violation in the Report;

3. Ms. Morris' Supervised Release is **REVOKED**;

4. Ms. Morris is hereby **SENTENCED** to imprisonment of time-served;

5. Followed by a three (3) year term of supervision maintaining all of Defendant's original terms, except that Defendant shall be placed on home detention for a period of three (3) months, to commence upon release from confinement;

6. The final hearing on Defendant's supervised release violations set for October 2, 2020 [R. 99] is **CANCELLED**; and

7. Judgment shall enter promptly.

This the 25th day of September, 2020.

Gregory F. Van Tatenhove
United States District Judge